## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRETT EUGENE CHAMPAGNE**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 25-0897**

**S.T.A.T. WASTE STREAM**                     **SECTION "D"(4)**
**SERVICES, INC., ET AL.**

### ORDER AND REASONS

Plaintiff Brett Champagne filed a third *ex parte* **Motion for Appointment of Counsel (ECF 17)** requesting that counsel be appointed to assist him in this *in forma pauperis* civil rights case brought under 42 U.S.C. § 1983. Champagne sued his employer and others for allegedly violating his rights when he was on short term disability because they did not allow him to work from home. ECF No. 1,

Champagne filed this action pursuant to the American with Disabilities Act arising from the joint running of his short term disability and FMLA together. R.doc. 10-1. Champagne contends that his employer should not have run his short term disability and FMLA together because he should have had 12 weeks of FMLA available. Id.

Champagne contends that he refused to work from home on February 27, 2024, because he would lose his short term disability. Id. He noted that working is against policy. Id. He complains that while he paid for insurance and had available 12 weeks of FMLA, he was fired by his employer and forced to go on COBRA. Id. Champagne also contends that he could have worked from home until he received disability or figure out how to return to work at the office after all medical procedures were done. Id.

He describes two comparators as being allowed to work from home. Justin Olivier who had a heart attack happened to work in the parking lot. He describe another employee comparator who was out on short term disability, and she was allowed to work from home.

As the Court has already advised Joiner, a plaintiff in a civil rights case has no right to automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Appointment of counsel in a § 1983 case is at the discretion of the court when doing so "would advance the proper administration of justice." *Id*. at 213. Appointment of counsel is only considered when exceptional circumstances exist that warrant the appointment. *Pena v. Brown*, 637 F. App'x 162 (5th Cir. 2016) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994).

The Court looks to several factors when considering a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is able to present his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) (citing *Parker*, 978 F.2d at 193).

Champagne's case presents no exceptional circumstances that would warrant appointment of counsel at this time. As the Court resolved in the Order denying Champagne's first motion for appointment of counsel, the alleged disability claim in this case is not complex and do not involve exceptional circumstances that would require assistance of counsel.

2

Champagne in support of his motion points to the lawyers he contacted for help.  He also indicates that he was told that the lawyers advised that they were not able to assert him in the limited time remaining on his EEOC right to sue letter. Robert  also indicated that he does not generally take already filed cases.  Id.  finally, Champagne indicates that he  also contact additional attorneys and legal aid services, but all have declined due to workload, conflicts of interest or inability to accept the case.  Id.

Although any litigant could benefit from assistance of counsel, the circumstance of this case do not involve an exceptional circumstance for purposes of appointing that counsel.  *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019).  Champagne has adequately stated his claims and demonstrated an ability to file motions and pleadings on his own behalf.   Should it become apparent that the judicial process would benefit from appointment of counsel, the circumstances can be evaluated at that time.  *Ulmer*, 691 F.2d at 213.  Accordingly,

**IT IS ORDERED** that Champagne's **Motion for Appointment of Counsel (ECF No.17)** is **DENIED**.

New Orleans, Louisiana, this 17th  day of November 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3